UNITED STATES, Appellee,

v.

Private (E–1) Grover E. WATKINS, SSN
369–66–6310, United States
Army, Appellant.

CM 436141.

U. S. Army Court of Military Review.

17 April 1978.

Robert Davis, Esquire, Colonel Robert B. Clarke, JAGC, and Major Benjamin A. Sims, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Major Steven M. Werner, JAGC, and Captain Brian X. Bush, JAGC, were on the pleadings for appellee.

Before JONES, MITCHELL and DeFORD, Appellate Military Judges.

## OPINION OF THE COURT

JONES, Senior Judge:

The appellant was convicted of attempting to transfer marihuana, possessing mari-

huana (two specifications), transferring marihuana (two specifications), and breaking restriction in violation of Articles 80 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 934. He was sentenced to a dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for four years. The convening authority approved the sentence. We are reviewing the case pursuant to Article 66, UCMJ.

The Government concedes that the evidence is insufficient to support the charge of attempting to transfer marihuana and that the charge of breaking restriction was a minor offense improperly joined with the major drug offenses. We will dismiss those charges and take appropriate action on the sentence.

The appellant asks this Court to dismiss the charges of possession and transfer of marihuana, asserting that the Government failed to establish that the substance in each of the instances was marihuana. The prosecution sought to prove the identity of the substance through the testimony of witnesses familiar with marihuana and by submission of laboratory reports of analysis.

There were two instances of possession and transfer of marihuana occurring about ten days apart. On the first, the prosecution established its case through the testimony of the informant buyer who made the purchase and was familiar with marihuana, the testimony of another soldier who observed the transaction, the testimony of the criminal investigator who controlled the informant, the property receipt form (DA Form 4137) which established a chain of custody, the laboratory report form (CID Form 72–R) which showed the substance to be marihuana, and the marihuana itself. The same evidence was offered regarding

the second incident with the exception of the testimony of an eyewitness, there being no eyewitness to the second transaction.

The defense offered no objection to the admissibility of the chain of custody form, the laboratory report, or the marihuana with regard to the first incident but objected to the documents and to the substance with regard to the second incident. The objection to the chain of custody form was based on the fact that the criminal investigator who identified the document was not the one who signed it (he typed it up and watched another agent sign it); objection to the lab report was based upon the alleged alteration of the document after its preparation; and objection to the marihuana was based upon the lack of an established chain of custody. The military judge overruled the objections and admitted the documents and the marihuana.

Before this Court the appellant has limited his argument to the admissibility of the lab reports. He argues that both were inadmissible because appellant was denied his Sixth Amendment right to confront the chemist who prepared the reports; that the lab reports did not qualify as business entry exceptions to the hearsay rule, as no foundation was laid for admissibility as such; and that the lab reports were made with a view to prosecution. No appellate argument has been made as to the admissibility of the chain of custody forms or the admissibility of the marihuana.

We find the admissibility of the lab report regarding the substance of the first transfer to be governed by *United States v. Evans*, 21 U.S.C.M.A. 579, 45 C.M.R. 353 (1972), and admissibility of the lab report on the substance of the second transfer to be governed by *United States v. Nault*, 4 M.J. 318 (C.M.A.1978).*

---

\* We are not concerned here with the question of admissibility of the property receipt form to establish chain of custody, as that issue does not affect the outcome of this case. However, we respectfully request the United States Court of Military Appeals to reconsider the comment included in footnote 7 of *United States v. Nault*, 4 M.J. 318 (C.M.A.1978), that the property receipt form which includes a chain of custody

recitation does not qualify as a business entry as it is made principally for the purpose of prosecution. That comment was unnecessary in that case because the trial judge had refused to admit the form into evidence and the issue was not before the appellate court.

There are several reasons for reconsideration. First, the distinction made between *Nault* and *United States v. Burge*, 1 M.J. 408 (C.M.A.

■ In *Evans*, as here, the lab report was admitted without objection to establish the identity of the substance involved. The United States Court of Military Appeals pointed out that authentication of the writing could be waived by a failure to object. The Court judicially noted the function of a crime laboratory; found the report to be a business entry recording a fact, not an opinion; and determined it was not made for the purpose of prosecution. On identical factors with *Evans*, that result controls here. To require, as appellant insists, that a live witness must lay the foundation for admissibility of a business entry, and that the chemist must always be called would nullify the purpose of the exception to the hearsay rule without increasing the reliability of the information. Accordingly, the lab report establishing the substance as marihuana was properly admitted.

The admissibility of the lab report regarding the substance in the second possession and transfer presents a somewhat different problem. Although the defense's objection to the lab report was based upon an alleged alteration by pencilled notations, the objections to the substance and to the property receipt form were based upon a failure to establish a proper chain of custody. If there was a deficiency in the chain of custody of the marihuana, that same deficiency would affect the lab report and make it inadmissible because we could not be sure that the substance tested was the substance possessed and transferred by the appellant. Therefore, we will treat the objection to the lab report as one of chain of custody also.

■ Marihuana is a fungible item. Generally it has no distinctive characteristics which makes one quantity of the substance identifiable from another. Therefore, it is necessary to show continuous custody which maintains the item in an unaltered state. *United States v. Nault, supra.*

■ In this case, neither the investigator receiving the substance nor the evidence custodian were called to testify to the protection and control of the substance while it was in their possession. The bag in which it was stored, although marked with tape which had the investigator's initials, was not so tamper-proof or so sealed as to demonstrate the absence of tampering. Thus, under the reasoning of *Nault*, the lab report should not have been admitted.

■ Without the laboratory report, the only evidence of identification of the substance was the testimony of the informant and the criminal investigator. The informant testified as to his familiarity with and ability to identify marihuana. The investigator even though not specifically enumerating his qualifications for identifying marihuana, stated that he had worked with drugs as an agent for about five years. From that, a valid inference may be drawn that he was qualified to identify marihuana. Both referred to the substance transferred in the second incident as marihuana. We find that testimony sufficient evidence of identification. *United States v. Torrance*, 3 M.J. 804 (C.G.C.M.R.1977); *United States v. Jackson*, 49 C.M.R. 881 (A.F.C.M.R.1975).

The findings of guilty of Charge I and its specification (attempted transfer of marihuana) and Specification 5 of Charge II (breaking restriction) are set aside and those charges are dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the affirmed findings, and considering appel-

1976), appears to be without a basis in fact or logic. Second, *United States v. Evans*, 21 U.S. C.M.A. 579, 45 C.M.R. 343 (1972), which *Nault* implies has continuing validity, contained a chain of custody form which was admitted, as well as a lab report. Third, the conclusion that the report was made principally for the purpose of prosecution is questionable. No doubt one of the purposes of the form is for use at trial but equally as important appears to be the

need to account for property. Evidence being held by police authorities is often quite valuable and of the highly pilferable type. A substantial portion of such evidence is probably never used in a trial. Procedures for accountability are imperative, thus the report form. Finally, the Government did not have the opportunity to present an appellate argument on the issue.

lant's prior record of misconduct, the Court affirms only so much of the sentence as provides for a bad-conduct discharge, forfeiture of all pay and allowances, and confinement at hard labor for two years.

Judge MITCHELL and Judge DeFORD concur.